F. F. ALLEN, JR., v. F. C. (JOE) COSTNER AND M. O. BAKER.

(Filed 14 December, 1949.)

**Pleadings § 22b—**

> The trial court has discretionary power to permit defendant to amend the answer and plead estoppel arising upon plaintiff's admissions on the trial.

PLAINTIFF's appeal from *McSwain, Special Judge,* May Civil Term, 1949, GASTON Superior Court.

*J. L. Hamme for plaintiff, appellant.*

*James Mullen for defendant M. O. Baker, appellee.*

*P. W. Garland and S. B. Dolley for defendant F. C. Costner, appellee.*

SEAWELL, J. The plaintiff bought a tract of land from M. O. Baker which was being farmed, in part, by Costner on a rent-share basis, Baker to furnish the fertilizer, and the crop, (of wheat), divided between the landlord and sharecropper on a 50-50 basis. By this arrangement Costner became the tenant of Allen on the terms of the Baker contract.

Allen demanded that Costner carry one-half of the wheat crop to his barn and Costner refused because the fertilizer bill had not been paid by Baker according to the rental contract.

Allen contended he had been told by Baker that the fertilizer bill had been paid, which Baker denied, contending that Allen had been informed that it had not.

The wheat crop was sold, and Allen, alleging that Costner had raised more wheat than he had accounted for, sued to recover for the balance. Baker was made a party to recover for the fertilizer bill deducted from the proceeds of the sale of the crop.

At the trial the plaintiff demanded that a "bill of particulars," or account of the wheat sale, be filed. Defendant Costner did this, paying what he said was Allen's share into court.

On the trial the plaintiff produced a number of witnesses who, over defendant's objection, were permitted to testify that they had viewed the crop—and variously estimated it. The opinion evidence was wanting in sufficient probative value to affect the result.

On the trial, Allen, having admitted that he had been informed by Baker that the fertilizer bill had not been paid, pending the sale of the land, and had voluntarily paid the full purchase price thereafter, defense moved to amend the answer and plead estoppel. The amendment was allowed and plaintiff excepted.

At the conclusion of plaintiff's evidence, the defendants offering none, both defendants demurred and moved for judgment as of nonsuit. These motions were allowed. Plaintiff excepted and appealed.

A diligent search reveals no principle on which we might interfere with the conclusion reached, and the judgment is, therefore,

Affirmed.